UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARONE HUBERT,
    *Plaintiff*,

v.

DEPARTMENT OF CORRECTION,
    *Defendant.*

No. 3:21-cv-00094 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Sharone Hubert ("Plaintiff") has sued the Department of Corrections ("DOC" or "Defendant") for damages and other equitable relief arising under Title VII of the Civil Rights Act of 1964, § 706, as amended, Title 42 U.S.C. § 2000e ("Title VII"); Connecticut General Statutes § 46a-60; and the common law of the State of Connecticut. Compl. at 1, ECF No. 1 (Jan. 20, 2021) ("Compl."). Specifically, Ms. Hubert is suing for "emotional and psychological damages, inconvenience, mental anguish[,] and loss of enjoyment of life as a result [of] the egregious and criminal conduct of the [D]efendant['s] employees." *Id.*

Defendant has moved to dismiss Ms. Hubert's complaint. Def.'s Mot. to Dismiss, ECF No. 14 (July 28, 2021); Def.'s Mem. of Law in Support of its Mot. to Dismiss, ECF No. 14-1 (July 28, 2021) ("Def.'s Mem.").

For the reasons explained below, the Court **DENIES** the motion to dismiss for lack of jurisdiction.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

   A. **Factual Background**

Sharone Hubert, an African-American woman, is an employee of the DOC. Compl. at 1. She alleges that, at the DOC, she endured sexual harassment, race- and gender-based discrimination, and workplace retaliation, which allegedly resulted in a hostile work environment. *Id*. at 1–2

Ms. Hubert allegedly began working at DOC on or about February 13, 1998. *Id*. at 1. Ms. Hubert was allegedly subject to sexual harassment, which was the subject of two earlier lawsuits before this Court, both of which were dismissed on summary judgment motions. *Hubert, et al. v. Dep't of Corr., et al.*, No. 14-CV-476 (VAB), 2018 WL 1582508 (Mar. 30, 2018); *Hubert, et al. v. Dep't of Corr., et al.*, No. 17-CV-248 (VAB), 2019 WL 5964973 (Nov. 13, 2019). Ms. Hubert filed a third lawsuit in 2019 against the DOC, alleging state law claims of discrimination, retaliation, or hostile work environment under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, and federal claims under Title VII for sex- and race-based discrimination, hostile work environment, and retaliation. *Hubert v. Dep't of Corr., et al.*, No. 19-CV-01323 (VAB), 2020 WL 4938327 (Aug. 23, 2020). That case was dismissed for failure to state a claim upon which relief may be granted. *Id*. at *9.

Ms. Hubert then brought this lawsuit in 2021, in which she alleges that since she "filed a sexual harassment lawsuit, the harassment has grown out of control." Compl. at 2. Specifically, she claims,

> [she] was placed in chemical units while working, vents that released Nano gas, skin burned, pressure to head ut[i]lizing electricity, drones. V2k, Drones that carry sounds, synthe[t]ic telepathy, body over heating, hair shedding using drones. Body m[a]nipulat[i]on, face altering, brain cloning[,] skin[ ] burned, blurred vision, tooth pain, caps k[n]ocked out of mouth. Latching,

>shape shif[t]ing, altering one appe[a]rance to look like someone else. This is done by utilizing the light that look like the sun, Non[-c]onsensual [e]xperimentation, remote n[e]ural monitoring using directed energy weapons and electronic harassment, gang [ ] stalking work place mobbing pressure to uterus ut[i]lizing drones. Followed by a simulated sun with a[n] eye attached to it followed through[o]ut the [P]laintiff['s] home as if living for som[e]one, causing face disfigurement. The heavy UV light causes cancer. Heavy hits to the head by staff repeat[e]dly on duty and off duty. Electrical shocks when showering and recorded while in shower. Skin repeat[e]dly burned legs, feet, face disfigure due to pressure to entire body and electric[i]ty. Placed in a gang stalking program followed 24 [ ] h[ou]rs a day. Accounts hacked, passwords changed, the feeling someone is having sex with you, recording of dreams, sodomy with electric[i]ty. Run off the road to and from work. Vagina hit repeat[e]dly while in [the] shower and body burned. Property damaged, pipes broken. The [P]laintiff has [ ] reported this numerous [ ] times to Department [o]f Corrections Officials, a video was provided of the same drone ith a eye attached to it, New haven jail, Hartford Jail, Cheshire C[orrectional Institution] and U[CONN]. A[n] eye stre[t]ching through her entire bathroom, The [P]laintiff was forced out of work for reporting this harassment, sent for a fit for duty and accused of being problematic.

Compl. at 2.

### B. Procedural History

Before filing this lawsuit, Ms. Hubert filed a complaint against the DOC with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). She received a right to sue letter from the CHRO on January 16, 2020. Compl. at 5. Ms. Hubert received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") on October 22, 2020. Compl. at 4.

On January 20, 2021 Ms. Hubert filed her Complaint. Compl.

On January 25, 2021, an electronic summons was issued to the DOC in accordance with Rule 4 of the Federal Rules of Civil Procedure and the United States District Court for the District of Connecticut Local Rules. Summons in a Civil Case, ECF No. 7 (Jan. 25, 2021).

On March 5, 2021, the Court dismissed the case without prejudice because Ms. Hubert's filing fee check was returned for insufficient funds. Ms. Hubert was instructed to either pay the fee or file a motion to proceed *in forma pauperis* within thirty days of the Court's order. Order, ECF No. 8 (Mar. 5, 2021).

On April 7, 2021, Ms. Hubert filed a motion to reopen her case because she had submitted her $402 filing fee. Mot. to Reopen Case, ECF No. 9 (Apr. 7, 2021).

On April 20, 2021, the Court granted Ms. Hubert's motion to reopen the case. Order, ECF No. 10 (Apr. 20, 2021).

On July 28, 2021, Ms. Hubert filed a proof of service indicating that she personally served the summons on the DOC. Proof of Service, ECF No. 11 (July 28, 2021).

On that same day, Ms. Hubert filed a motion for default judgment because of Defendant's "failure to answer as required by law." Mot. for Default J., ECF No. 12 (July 28, 2021).

Also on the same day, Defendant moved to dismiss Ms. Hubert's Complaint on the basis that this Court lacks personal jurisdiction over Defendant, because of Ms. Hubert's alleged failure to properly serve Defendant. Mot. to Dismiss, ECF No. 14 (July 28, 2021).

On July 30, 2021, the Court denied Ms. Hubert's motion for default judgment because counsel had appeared for Defendant and filed a motion to dismiss. Order, ECF No. 15 (July 30, 2021).

On August 18, 2021, Ms. Hubert again filed a motion for default judgment because Defendant had not replied to her Complaint within thirty days. Emergency Mot. to Move for Default J., ECF No. 16 (Aug. 18, 2021).

On August 20, 2021, the Court denied Ms. Hubert's second motion for default judgment for the same reason as it had denied her earlier motion. Order, ECF No. 17 (Aug. 20, 2021).

On September 10, 2021, Ms. Hubert filed a motion to reopen the case for entry of default final judgment. Mot. to Reopen Case for Entry of Default Final J., ECF No. 18 (Sept. 10, 2021).

On September 13, 2021, Defendant filed a reply in support of its motion to dismiss. Def.'s Reply in Support of the Mot. to Dismiss, ECF No. 19 (Sept. 13, 2021).

On March 4, 2022, the Court denied Ms. Hubert's motion to reopen the case for entry of default final judgment. Order, ECF No. 20 (Mar. 4, 2022).

## II.    STANDARD OF REVIEW

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Defendant's motion "includes arguments based only on insufficient process," so the Court "treats [D]efendant['s] [m]otion as seeking dismissal under Rule 12(b)(5) only." *Madej v. Yale Univ.*, 3:20-CV-991 (JCH), 2021 WL 6497218, at *2 n.2 (D. Conn. Jan. 20, 2021); *see also Koulkina v. City of New York*, 559 F. Supp. 2d 300, 310 n.9 (S.D.N.Y. 2008) ("Motions challenging the sufficiency of service of process are properly made under Rule 12(b)(5), not Rule 12(b)(2)."); Charles A. Wright & Arthur Miller, 5B Federal Practice & Procedure § 1353, at 334 (3d ed. 2004) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."). Accordingly, the court treats the Defendant's motion as seeking dismissal under Rule 12(b)(5) only.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) due to insufficient service of process "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules [of Civil Procedure], which

5

sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007).

"Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

### III. DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(5), a party may file a motion to dismiss due to "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." *Rzayeva*, 492 F. Supp. 2d at 74. Once a defendant challenges the validity of service, "it becomes the plaintiff's burden to prove that service of process was adequate." *Cole*, 70 F. Supp. 2d at 110.

In analyzing a Rule 12(b)(5) motion, the Court examines the service requirements under Federal Rule of Civil Procedure 4. *El Ex-Relatione Dawes v. Whitehead*, No. 3:18-CV-02033 (CSH), 2019 WL 5394578, at *4 (D. Conn. Oct. 22, 2019). Defendant argues that the case should be "dismissed in its entirety pursuant to [Federal Rule of Civil Procedure] 12(b)(2) and 12(b)(5)" because Ms. Hubert failed to properly serve Defendant under Federal Rule of Civil Procedure 4. Def.'s Mem. at 5–8. Defendant has provided several reasons why Ms. Hubert's service of process is deficient.

First, Defendant notes that Ms. Hubert did not complete service of process under Federal Rule of Civil Procedure 4(j)(2), which requires that, in lawsuits against a "state, a municipal corporation, or any other state-created governmental organization[,]" a copy of the summons and

complaint be delivered to the chief executive officer or "in the manner prescribed by that state's law." *Id*. at 5. Defendant notes that under Connecticut state law,

> [s]ervice of civil process in any civil action . . . against the state or against any . . . department . . . thereof . . . may be made by a proper officer (1) leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General at the office of the Attorney General in Hartford, or (2) sending a true and attested copy of the process, including the summons and complaint, by certified mail, return receipt requested, to the Attorney General at the office of the Attorney General in Hartford.

*Id*. (quoting Conn. Gen. Stat. § 52-64(a)).

Defendant also argues that Ms. Hubert, who attempted to serve Defendant through First Class Mail, did not include a copy of the Complaint, as required under Federal Rule of Civil Procedure 4(c)(1) and Connecticut General Statutes § 52-46(a). *See id*. at 2, 5–6.

Finally, Defendant alleges that Ms. Hubert's "document titled 'Summons Returned Executed' does not demonstrate that a 'person who is at least 18 years old and not a party' delivered a copy of the summons and complaint to the chief executive officer of DOC as required by [Federal Rule of Civil Procedure] 4(c)(1), 4(c)(2), and 4(j)(2)." *Id*. at 6 (quoting Fed. R. Civ. P. 4(c)(2)).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Defendant argues that Ms. Hubert "cannot demonstrate good cause for failing to properly serve the Defendant" after the ninety-day deadline established by Federal Rule of Civil Procedure 4. Def.'s Mem. at 7–8. Defendant notes that "Plaintiff was clearly provided with accurate instructions for how to accomplish service because she attached the Instructions for Completing

7

USM-285 to the documents sent to the Defendant." *Id*. The fact that Ms. Hubert is a *pro se* plaintiff, Defendant argues, does not excuse the failure to properly serve Defendant. *Id*. at 8 (citing *Losacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them. This is especially true in civil litigation.")).

Ms. Hubert did not file a response to Defendant's motion to dismiss. In her motion to reopen the case for entry of default judgment, however, she alleges that "[o]n February 24, 2021 a copy of said [C]omplaint and summons was personally served by the [P]laintiff Sharone Hubert[,] hand delivered at 24 Wolcott Hill RD Wethersfield CT 06109 . . . ." Mot. to Reopen Case for Entry of Default Final J. at 1, ECF No. 18 (Sept. 10, 2021).

Defendant filed a reply brief arguing that Ms. Hubert has not "opposed the dismissal of this Complaint for lack of jurisdiction," and requesting "immediate dismissal of this case based upon [Defendant's] unopposed motion." Def.'s Reply in Supp. of the Mot. to Dismiss at 1, ECF No. 19 (Sept. 13, 2021).

The Court disagrees.

The parties disagree as to whether Ms. Hubert attached a copy of the Complaint to her first-class mailing under Federal Rule of Civil Procedure 4(c)(1). In any event, the Court finds that Ms. Hubert has not properly served process on Defendant under Federal Rules of Civil Procedure 4(c)(2), 4(j)(2), 4(m), and Connecticut General Statutes § 52-64(a), because she attempted to complete service on her own, she did not serve the proper office, and she has not completed service within the time limit established in Federal Rule of Civil Procedure 4.

Ms. Hubert has not shown good cause for failing to serve process within the prescribed time. As noted *supra*, it is Ms. Hubert's burden to prove that service of process was adequate,

and she has not provided an affidavit indicating that she properly served process. Therefore, the Court now must determine whether it should exercise its discretion to extend the time for service in this case. In deciding whether to grant this relief, the Court must consider the following factors:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Britton v. Connecticut*, No. 3:14-CV-00133, 2016 WL 308774, at *5 (D. Conn. Jan. 25, 2016) (internal quotation marks omitted). Furthermore, "[w]here, as here, good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal with prejudice," a district court must "weigh[ ] the impact that a dismissal or extension would have on the parties," bearing in mind that "no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata v. City of New York*, 502 F.3d 192, 197–98 (2d Cir. 2007).

If the Court were to dismiss the Complaint for insufficient service of process, the statute of limitations likely would bar future actions against Defendant. "In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). Plaintiff's first right-to-sue letter from the EEOC was dated October 22, 2020, and this litigation was timely commenced on January 20, 2021. However, "[t]he timely filing of a complaint subsequently dismissed without prejudice does not toll or suspend the ninety (90)-day limitations period." *Cohn v. KeySpan Corp.*, 713 F. Supp. 2d 143, 156 (E.D.N.Y. 2010). "Thus, even if the Court were to dismiss the claims against the . . . defendant[ ] without prejudice, it effectively would result in dismissal with

9

prejudice because any newly filed claims would be time-barred," and therefore, the first factor weighs in favor of granting Plaintiff an extension of time for service. *Britton*, 2016 WL 308774, at *5.

The second factor also favors Plaintiff. Counsel for Defendant had actual notice of Plaintiff's claims because, since it filed its appearance on July 28, 2021, the Connecticut Office of the Attorney General has received electronic notices of filings in this case. *See id.* at *6 (finding that the second factor favored the plaintiff where counsel for the defendants obtained actual notice of the plaintiff's claims through electronic notices of filings in the case).

The third factor favors Defendant, as there is nothing that suggests they attempted to conceal the defects in service. As for the fourth factor, while it is true that Defendant may experience some prejudice "aris[ing] from the necessity of defending an action after [ ] the original service period . . . passed before service," *Zapata*, 502 F.3d at 198, if Defendant suffered any prejudice from the delay, it is slight, *see, e.g.*, *John v. City of Bridgeport*, 309 F.R.D. 149, 156 (D. Conn. 2015) (finding that the defendants were not seriously prejudiced by an extension where the "[p]laintiff's failure to timely serve defendants delayed the case for less than two months, not for years") (citing *Klinker v. Furdiga*, No. 5:12-CV-254, 2013 WL 1705106, at *4 n.5 (D. Vt. Apr. 19, 2013) (finding that delay was insufficient to show prejudice because "the case was only a couple months older than it would have been if [the] plaintiff hadn't been given this extension" (internal quotation marks omitted))).

In weighing the relevant factors, the Court finds that an extension of the time for service should be granted in this case, particularly because of "the strong federal policy in favor of resolving claims on the merits." *John*, 309 F.R.D. at 156. Accordingly, the Court denies the motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) as to the DOC.

## IV.    CONCLUSION

For the foregoing reasons, the Defendant's motion is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of March, 2022.

                                             /s/ Victor A. Bolden
                                             VICTOR A. BOLDEN
                                             UNITED STATES DISTRICT JUDGE